**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | CR425-083 |
| | ) | |
| SHAY ALBERT WILSON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Shay Albert Wilson is charged with a single count of premeditated murder.  Doc. 1 (Indictment).  He has moved, with the Government's consent, for a hearing to determine whether he is competent to proceed.  *See generally* doc. 38.  He seeks to file several exhibits to that Motion, related to previous mental health evaluations, under seal.  Doc. 39.  For the reasons explained below, that Motion is **GRANTED**.  Doc. 39.  The Clerk is **DIRECTED** to file and maintain those exhibits **UNDER SEAL** until further order from the Court.

"The press and the public enjoy a qualified First Amendment right of access to criminal trial proceedings."  *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1028 (11th Cir. 2005).  A party can rebut the presumption

of openness "if it can show 'an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Id.* at 1030 (quoting *Press-Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501, 510 (1984)).  When sealing documents, the Court must "articulate the overriding interest along with findings specific enough that a reviewing court can determine whether the closure order was properly entered."  *Id.* (internal quotations and citation omitted).  Defendant's mental-health records are properly sealed.  *See, e.g.,* S.D. Ga. LR Crim. 49.1(e)(6) (permitting automatic sealing of "[p]sychiatric or psychological evaluations").

SO ORDERED, this 4th day of June, 2026.

        CHRISTOPHER L. RAY
        UNITED STATES MAGISTRATE JUDGE
        SOUTHERN DISTRICT OF GEORGIA